IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JUDITH FICEK, | ) | CV 09-39-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KOLBERG-PIONEER, INC.; BELGRADE STEEL TANK CO.; and JOHN DOES 1-5; and JOHN DOES 6-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Judith Ficek ("Ficek") brought this strict products liability action for personal injuries sustained while operating a pug mill assembly at a mine reclamation and site cleanup in Rimini, Montana. Belgrade Steel Tank Co. ("Belgrade") manufactured the silo, a component part of the pug mill alleged to be defective. Before the Court is Belgrade's Fed. R. Civ. P. 56(c) motion for

-1-

summary judgment, which argues that Ficek's claim is barred by the statute of limitations. For the reasons that follow, the motion is denied.

Ficek was injured on October 3, 2006. Affixed to the piece of equipment in question was a label that stated "Manufactured by Portec Inc." In August 2007, Ficek's employer–Envirocon–provided her counsel documents suggesting Portec Construction Equipment Co. and/or Kolberg-Pioneer, Inc. manufactured the silo. Later that same month, Ficek received a letter from Envirocon identifying Portec as the maker of the silo.

Ficek's original complaint was timely filed on June 3, 2009, and named both Kolberg and Portec as defendants–but not Belgrade. She also named John Does 6-10. On September 11, 2009, Ficek received a copy of Envirocon's 2006 accident investigation report, which named Belgrade as the manufacturer of the silo. On February 22, 2010, Ficek filed an amended complaint, naming Belgrade as a defendant in place of John Doe No. 6. The amendment occurred after the relevant statute of limitations had run. This fact serves as the basis of Belgrade's present motion.

When a plaintiff seeks to replace a previously named fictitious defendant with an identified one, the Court first looks to Montana's fictitious name statute. Lindley v. General Electric Co., 780 F.2d 797, 801 (9th Cir. 1986). Under

Montana's statute, "[w]hen the plaintiff is ignorant of the name of the defendant, such a defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleadings or proceedings may be amended accordingly." Mont. Code Ann. § 25-5-103. "The substitution of a fictitiously named defendant relates back to the original filing of the complaint." Molina v. Panco Constr., Inc., 95 P.3d 687, 690 (Mont. 2004). In applying § 25-5-103, the Court looks to Ficek's knowledge about the defendant's true identity at the time of the filing of the original complaint. Id.

Here, Ficek was ignorant of Belgrade's identity and relation to this action at the time she filed her complaint. The silo had a label identifying Portec as the manufacturer. Additionally, Envirocon "misinformed" Ficek that Portec manufactured the silo, not Belgrade. Although Envirocon identified Belgrade as the manufacturer in a 2006 accident report, Ficek did not receive the report or that information until after she filed her complaint. Given that Ficek received "incorrect information" and was, at the time she filed her complaint, "ignorant" of the actual manufacturer of the silo, her substitution of Belgrade for one of the John Doe defendants was proper under Mont. Code Ann. § 25-5-103.[1] See id.

---

[1] Belgrade persists and argues that a placard on the silo with its name gave Ficek notice that it possibly was the manufacturer. This argument ignores that the placard did not indicate Belgrade manufactured anything, the equipment included numerous other placards and labels, and, most importantly, Ficek had reason to believe Portec and Kolberg, not Belgrade,

Even if that was not the case, the motion would still fail under Fed. R. Civ. P. 15(c). Within the 120-day period after the filing of the original complaint, Belgrade received notice of the action and that it would have been named but for a mistake.[2] This is enough to relate the naming of Belgrade in the amended complaint back to the date of the original one. See Fed. R. Civ. P. 15(c)(1)(C).

Accordingly, IT IS HEREBY ORDERED that Defendant Belgrade Steel Tank Company, Inc.'s Motion for Summary Judgment (dkt #85) is DENIED.

Dated this 15th day of February, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

manufactured the silo.

[2] In August 2009, Belgrade learned that Ficek was injured using the silo, and notified its insurance agent of the claim. On September 14, 2009, counsel for Kolberg notified Belgrade that Kolberg and Portec had been sued, and that it was inevitable Belgrade would be sued when Ficek learned who in fact manufactured the Silo. Kolberg further informed Belgrade that if Ficek did not name Belgrade, Kolberg would likely bring a third party action against it.