IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| JUDITH FICEK, | ) | CV 09-39-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KOLBERG-PIONEER, INC.; JOHN | ) | |
| DOES 1-5; and JOHN DOES 6-10, | ) | |
| | ) | |
| Defendants. | ) | |

## I. Introduction

This strict product liability action comes before the Court upon Defendant Kolberg-Pioneer, Inc.'s ("Kolberg's") motion to exclude Plaintiff's expert, John Carson, from testifying about Kolberg's conduct and knowledge.

In 2006, Plaintiff Judith Ficek ("Ficek") was injured while working as a pug mill operator at a mine reclamation and site cleanup in Rimini, Montana. At the time of the incident, she was working near a storage silo. She theorizes that pressure in the silo caused a manhole cover to blow open and hit her in the face. The only claim left in this action is one for strict product liability against Kolberg,

based on an alleged manufacturing defect, design defect and/or failure to warn. Am. Compl. ¶ 70 (dkt #43).

Ficek disclosed Dr. John Carson as an expert on the design of the silo. In his expert report dated September 17, 2010, Dr. Carson offers six opinions. The first five speak to dangers associated with the product: (1) the defective design of the product, (2) the availability of safer designs, the product's (3) engineering and (4) operating instructions, and (5) whether the product had been overfilled. See Opinions of John W. Carson ("Carson Report"), Sept. 17, 2010 (dkt #161-5). The sixth opinion speaks to Kolberg's conduct: Kolberg "failed to conduct proper analysis and failed to adequately understand and warn of the dangers inherent with the silo." Carson Report 12. In support of this opinion, Dr. Carson discusses how Kolberg purchased the silo from Belgrade Steel Tank Company, Inc. ("Belgrade")[1] to combine with its pug mill without discussing safety design criteria with Belgrade. He goes on to detail Kolberg's Rule 30(b)(6) witness' lack of knowledge regarding the product.

Kolberg now moves to exclude this sixth opinion. It argues the opinion "concerns only [its] alleged conduct," "which is irrelevant to the question of liability" and the opinion "says nothing about the condition of the silo." Def.'s Br.

---

[1] Belgrade was a defendant in this action but has settled out.

2 (dkt #159). Kolberg thus contends the opinion should be excluded under Rules 401 and 402 of the Federal Rules of Evidence as irrelevant and inadmissible.

In response, Ficek argues Montana law allows a plaintiff "to introduce evidence regarding what the defendant knew, or didn't know, to show what could have been done to improve the product" in a strict liability action, and therefore the motion should be denied. Pl.'s Resp. 2 (dkt #203). Ficek does not make any showing that the challenged opinion of Dr. Carson is relevant to her product case. But, because Dr. Carson will testify on other matters and it is unclear what if any relevance his sixth opinion might have, the motion to exclude is denied subject to renewal at trial.

## II. Legal Standard

The Court has wide discretion when it comes to ruling on motions in limine. Trichtler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir. 2004). Evidence that is not relevant is inadmissible at trial, while, as a general rule, relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter

properly provable in the case." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 387 (2008) (quoting Advisory Committee Note for Fed. R. Evid. 401).

### III. Analysis

Montana's strict product liability statute provides that "[a] person who sells a product in a defective condition unreasonably dangerous to a user or consumer . . . is liable for physical harm caused by the product to the ultimate user." Mont. Code Ann. § 27-1-719. The seller is liable under this statute even if it "exercised all possible care in the preparation and sale of the product." Id.

The Montana Supreme Court has identified three essential elements to a prima facie strict liability case:

> (1) The product was in a defective condition, "unreasonably" dangerous to the user or consumer;
>
> (2) The defect caused the accident and injuries complained of; and
>
> (3) The defect is traceable to the defendant.

Sternhagen v. Dow Co., 935 P.2d 1139, 1143 (Mont. 1997) (quoting Brown v. N. Am. Mfg. Co., 576 P.2d 711, 716 (Mont. 1978)). The public policy behind the doctrine of strict liability is to afford "the consuming public the maximum protection from dangerous defects in manufactured products by requiring the manufacturer to bear the burden of injuries and losses enhanced by such defects in

its products." Id.

In Sternhagen, the Montana Supreme Court addressed whether in a strict product liability action the manufacturer is "conclusively presumed to know the dangers inherent in his product, or is state-of-the-art evidence admissible to establish whether the manufacturer knew or through the exercise of reasonable human foresight should have known of the danger." Id. at 1139. In answering the question, the court noted to admit state-of-the-art evidence defense in a strict liability action would inject issues of reasonableness and foreseeability, which would cut against the policy of providing "maximum protection" to the public. Id. at 1144. The court also found it appropriate to impute knowledge of any unknown or undiscoverable dangers to the manufacturer in light of strict liability's focus on the product itself rather than the manufacturer's conduct. Id. at 1147. The court accordingly held that, in a strict product liability case, "knowledge of any undiscovered or undiscoverable dangers should be imputed to the manufacturer," and that "state-of-the-art evidence is not admissible to establish whether the manufacturer knew or through the exercise of reasonable human foresight should have known the danger."[2] Id. The court explained the import of its adopting this

---

[2] This holding, however, does not preclude a plaintiff from offering evidence of existing alternative designs to prove a product's defectiveness. Id. at 1146.

imputation of knowledge doctrine as follows: "[W]hile a plaintiff must still prove the three prima facie elements . . . , evidence that a manufacturer knew or through the exercise of reasonable human foresight should have known of the dangers inherent in his product is irrelevant." Id.

Ficek attempts to distinguish Sternhagen from the case at hand. Sternhagen addressed whether a defendant in a product liability action could introduce state-of-the-art evidence; here the question is may a plaintiff introduce evidence of what the manufacturer knew or did not know. Ficek insists this distinction coupled with Montana's policy on providing maximum protection to the public means a plaintiff–but not a defendant–can introduce such evidence. Sternhagen adopted the imputation of knowledge doctrine. Under that doctrine, the manufacturer is assumed to have known of the product's dangers, leaving liability then to turn on whether armed with such knowledge the manufacturer "should have done something about the danger before the product was sold." Id. at 1144. Given this imputation of knowledge to Kolberg, it is unclear how Dr. Carson's sixth opinion is relevant.

Ficek also cites Malcolm v. Evenflo Co., Inc. for the proposition that a defendant is excluded from introducing evidence as to its knowledge and conduct, but not the plaintiff. 217 P.3d 514 (Mont. 2009). In that case, the Montana

Supreme Court allowed the plaintiff in a product liability action to introduce evidence of the recall of an earlier model child seat to help show the current model had a defect, while at the same time prohibiting the manufacturer from introducing evidence that the current model met government standards. Ficek reads the case to show that a plaintiff can "introduce relevant and probative evidence regarding the defendant's knowledge." Pl.'s Resp. 8.

The evidence concerning the earlier model of the product was relevant to plaintiffs' strict liability claim[3] not because it spoke to the manufacturer's knowledge or conduct. It was relevant because the earlier model was substantially similar to the product at issue in the case, and as such the recall of the earlier product had the tendency to show the current product was sold with a "defective condition unreasonably dangerous to a user." Malcolm, 217 P.3d at ¶¶ 46-60; see also Preston v. Mont. Eighteenth Judicial Dist. Court, Gallatin County, 936 P.2d 814, 819 (1997) ("Evidence of injuries caused by similar models is relevant to both the 'defect' and the 'danger.' "). Such relevancy is what Ficek has failed to show Dr. Carson's sixth opinion to possess. She has not shown how the opinion, "a comment on [Kolberg's] involvement in the production and sale of the silo,

---

[3] The manufacturer's knowledge of the hazard was relevant for plaintiffs' punitive damages claim, see Malcolm, 217 P.3d at ¶ 60, but there is no similar claim here.

alongside what [it] did and did not do," Pl.'s Br. 9, has a tendency to make the existence of any fact of consequence more or less probable.

## IV. Conclusion

Because strict liability under Montana law focuses on the product rather than the manufacturer's conduct, and because knowledge of any undiscovered or undiscoverable dangers is imputed to the manufacturer, Dr. Carson's sixth opinion, insofar as it concerns what Kolberg knew or should have known about the product's dangers, appears irrelevant. Any relevance to the sixth opinion will be more clear at the time of trial.

Accordingly, IT IS HEREBY ORDERED that Kolberg-Pioneer, Inc.'s Motion to Exclude (dkt #158) is DENIED subject to renewal at trial.

Dated this 5th day of April, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT